Motion to dismiss appeal denied September 24; motion to amend and
rehearing denied October 8, 1929; motion to dismiss and
affirm allowed October 14; mandate issued
December 12, 1930

*WALLACE *v.* CAMPBELL ET AL.

(280 P. 659)

*W. H. Masters,* of Portland, for the motion.
No appearance *contra.*

---

* Motion to dismiss the appeal in this case was denied by this
opinion because of an insuffient service of the motion. Later, October
14, 1930, the court, by oral order, dismissed the appeal and affirmed
the case.

COSHOW, C. J. Plaintiff instituted this suit to foreclose a mortgage on real property. Defendant Williams was made a party because he held a second mortgage on the land involved. Defendant Robinson is the mortgagor. The other defendants defaulted and are not interested in this appeal. Defendant Robinson has attempted to appeal from the decree foreclosing both mortgages. Believing that defendant Robinson had failed to give sufficient notice and sufficient undertaking on appeal plaintiff moves to dismiss her appeal and asks that the decree of the circuit court be affirmed. He has brought to this court to support said motion a duly certified copy of the decree, copy of notice of appeal and undertaking on appeal. The motion to dismiss was filed in this court August 20, 1929. Time for filing the transcript on appeal had not then expired. Plaintiff attempted to serve the motion to dismiss the appeal on defendant Robinson personally. The return of the service on said motion to dismiss is as follows:

(venue)

"I Harry C. Baughman, being first duly sworn, depose and say, that I am over the age of 21 years and reside in the city of Portland, Oregon; that I am not related to any of the parties to or interested in the event of the above-entitled suit; that on the ——— day of August, 1929, in the city of Portland, Oregon, I served the within motion and papers attached thereto upon Emma G. Robinson by then and there leaving with the person in charge of No. 617 Salmon street, Portland, Oregon, the residence of said Emma G. Robinson, a true and correct copy of the same."

(signature and jurat).

This certificate is not sufficient proof of service to warrant this court in entertaining the motion. The

motion is one which must be served. The statute prescribes proof of service of notice must be made as follows:

"If upon a party, it may be made by leaving the copy at his residence between the hours of six in the morning and nine in the evening with some person of suitable age and discretion": (Or. L., § 539, subd. 2.)

A comparison of the return with the statute clearly discloses that there is nothing in the certificate constituting the return in any way describing the person in charge of the residence of defendant Robinson. The age of the person is not given, nor is there any other description which would enable this court to determine whether or not the person so served was of suitable discretion. Not even the name of the person with whom the notice and motion were left is given so he could be identified. The time of day the copy of motion was so left at the residence is not stated. From all that appears from the certificate the person stated to be in charge of said residence may have been a child of tender years.

The return of the service is not sufficient to bring defendant Robinson here. The proof of service is insufficient and the motion is denied.